BOYER, J.,
dissenting.
I respectfully dissent. As stated in the foregoing opinion, Brooks admitted that he stole the car and the personal property in it and that when he abandoned the car he removed the personal property from it and retained that property, taking it with him to Duval County where he was arrested. Brooks not only stole the property he retained it knowing it to be stolen. Retention is not the same as receiving. Obviously, in order to steal property one must in some manner take it into possession which is tantamount to receipt: All part of the same transaction. However, stealing does not necessarily involve retention. I do not view McWhirter v. State, cited in the majority opinion, as controlling. Larceny (stealing) is a crime. (F.S. 812.021) F.S. 812.031 makes it a crime to receive, retain, dispose of or conceal stolen property. The word “retains” was only recently added to the statute. I would hold that one who steals property is guilty of the commission of a crime and that if he thereafter retains same he is guilty of a second crime. Sub judice, the record clearly reveals that Brooks stole the property in Arizona but he retained it, contrary to the provisions of F.S. 812.031, in Florida. I am of the view that he is subject to prosecution in Florida. I would reverse.